**LEWIS BRISBOIS BISGAARD & SMITH LLP**
REBECCA R. WEINREICH, SB# 155684
   E-Mail: Rebecca.Weinreich@lewisbrisbois.com
ANGELA A. ZANIN, SB# 229149
   E-Mail: Angela.Zanin@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendant Lexington Insurance Company

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAISA OVSEPIAN as Trustee of the Francis Hughes Irrevocable Trust, as Trustee of the Robert Leon Hughes Irrevocable Trust, as Trustee of the John Ludovic Von Hughes Irrevocable Trust, as Trustee of the Angel Michael Hughes Irrevocable Trust,<br><br>                Plaintiff,<br><br>        vs.<br><br>LEXINGTON INSURANCE COMPANY; DOES 1 through 20, Inclusive,<br><br>                Defendant. | Case No. 2:20-cv-11509-GW-SK<br><br>**LEXINGTON INSURANCE COMPANY'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT PURSUANT TO FRCP 12(b)(6)**<br><br>Trial Date:        None Set |

## I.  INTRODUCTION

Defendant Lexington Insurance Company ("Lexington") moves to dismiss the prayer for punitive damages in the Complaint filed by Plaintiffs Raisa Ovsepian as Trustee of the Francis Hughes Irrevocable Trust, as Trustee of the Robert Leon Hughes Irrevocable Trust, as Trustee of the John Ludovic Von Hughes Irrevocable Trust, as Trustee of the Angel Michael Hughes Irrevocable Trust (collectively "Plaintiffs"), and removed to this Court on December 21, 2020.  The Complaint falls far short of meeting the stringent pleading standard to support a claim for punitive

damages, alleging no facts at all regarding the adjustment of the claim, let alone any conduct approximating malice, oppression, or fraud to support a claim for punitive damages.

It is more than evident that Plaintiffs' allegations do not rise to the level necessary for a punitive damages claim to survive. For these reasons, this Court should grant the Motion to Dismiss the punitive damages prayer from the Complaint.

Prior to filing this Motion, counsel for Lexington sent a meet and confer letter to counsel for Plaintiffs requesting a telephonic meet and confer. Counsel conducted a telephonic meet and confer on December 18, 2020. [Declaration of Angela Zanin at ¶¶3-4.]

## II. FACTUAL BACKGROUND

### A. Lexington Policy

Lexington issued a Homeowner Policy to Raisa Ovsepian, policy number 21138291-01, for the property at 24568 Piuma Road ("Property"), effective June 28, 2018 to June 28, 2019 ("Policy"), which is attached to the Complaint as Exhibit A. [Dkt. 1-2]

### B. Alleged Losses

Plaintiff Raisa Ovsepian alleges she resided at the Property, and states that each of the Trusts own an equal 25% interest in the ownership of the Property. [Dkt. 1-2, ¶1, 4]. On November 8, 2018, the Property incurred fire and smoke damage from the Woolsey Malibu Fire. *Id.* ¶6. Plaintiffs allege the gate and other electrical appliances at the Property were damaged, and Plaintiffs incurred loss of use of the Property. *Id.*

Plaintiffs allege that on February 2, 2019, the Property incurred wind damage to the dwellings, glass railings, windows, gutters, roof, other structures, and water mainline. *Id.* ¶9.

Plaintiffs allege Lexington unreasonably failed to make payments for the losses. *Id.* ¶11. Plaintiffs allege she complied with all terms of the Policy. *Id.* ¶10.

### III. PLAINTIFFS' CLAIMS FOR PUNITIVE DAMAGES

Plaintiffs claim they are entitled to punitive and exemplary damages alleging

> 20. LEXINGTON acted in bad faith and without proper cause when it:
>
> (a) Intentionally Failed to conduct a prompt, fair and even-handed investigation of Plaintiffs' two damage claims by stalling since November of 2018 and February 2, 2019 respectively in investigation and payment of the claims;
>
> (b) Unreasonably delayed and refused to pay the benefits due under the policy[.]
>
> 22. Due to the malicious and fraudulent conduct of the Defendants, and Does 1-20, Plaintiff is entitled to exemplary damages.
>
> ***
>
> THEREFORE, PLAINTIFF PRAYS AS FOLLOWS:
>
> <u>On the Second Cause of Action</u>
>
> 2) For punitive damages;

*Id.*

### IV. GROUNDS FOR MOTION TO DISMISS

Federal Rules of Civil Procedure 12(b) provides "a party may assert the following defenses by motion: …(6) failure to state a claim upon which relief can be granted." "In this Circuit, a Rule 12(b)(6) motion is the appropriate procedural vehicle to seek dismissal of a request for punitive damages." *Bm Real Estate Servs. v. Solutions,* 2020 U.S.Dist.LEXIS 188017, at *34 (C.D. Cal. 2020); *Whittlestone, Inc. v. Handi-Craft Co.,* 618 F.3d 970 (9th Cir. 2010).

## V. PLAINTIFF FAILS TO PLEAD THE FACTUAL BASIS FOR PUNITIVE DAMAGES

Exemplary damages are generally not favored and are to be awarded only in the clearest of circumstances and "with the greatest caution." *Beck v. State Farm Mut. Auto. Ins. Co.,* 54 Cal. App. 3d 347, 355 (1976); *Gombos v. Ashe,* 158 Cal. App. 2d 517, 526 (1958). In order to obtain such damages, Plaintiffs must plead facts giving rise to an inference of malice, fraud, or oppression, which are absolutely necessary to support an award of exemplary damages. *Grieves v. Super. Ct.,* 157 Cal. App. 3d 162, 166 (1984); Civ. Code § 3294(a). Plaintiffs must allege specific facts showing that Lexington's' conduct was despicable. *Smith v. Super. Ct.,* 10 Cal. App. 4th 1033, 1042 (1992). "'Despicable conduct' is conduct which is so vile, base, contemptible, miserable, wretched or loathsome that it would be looked down upon and despised by ordinary, decent people." *Mock v. Michigan Millers Mutual Ins. Co.,* 4 Cal. App. 4th 306, 328 (1992) (citations omitted); *Stewart v. Truck Ins. Exch.,* 17 Cal. App. 4th 468, 483 n. 29 (1993).

In order to properly plead such a claim, the "ultimate facts" relating to Lexington's alleged wrongful motive, intent, or purpose must be alleged. *Perkins v. Super. Ct.,* 117 Cal. App. 3d 1, 6 (1981); *Unruh v. Truck Ins. Exch.*, 7 Cal. 3d 616, 632 (1972). A claim for punitive cannot survive unless plaintiff meets this burden.

Only specific facts, not conclusory allegations satisfy the standard. *Austin v. Regents of the Univ. of Cal.,* 89 Cal. App. 3d 354, 359 (1979); *G.D. Searle & Co. v. Super. Ct.,* 49 Cal. App. 3d 22, 29 (1975) ("Vague, conclusory allegations of fraud or falsity may not be rescued by the rule of liberal construction. . . . When a defendant must produce evidence in defense of an exemplary damage claim; fairness demands that he receive adequate notice of the kind of conduct charged against him."); *Cohen v. Groman Mortuary, Inc.,* 231 Cal. App. 2d 1, 8 (1964) (finding that the Complaint failed to state a cause of action supporting a claim for punitive damages when "[n]o facts relative to malice are alleged, only allegations

consisting of legal conclusions – that the acts were 'wrongful,' 'wanton' and 'wilful.' This does not create a cause of action.").

Where a plaintiff fails to allege sufficient facts demonstrating a defendant's conduct was "despicable," "willful," or "fraudulent," the punitive damages allegations should be stricken from the pleading. *Brousseau v. Jarrett,* 73 Cal. App. 3d 864, 872 (1977); *Cyrus v. Haveson,* 65 Cal. App. 3d 306, 316-17 (1976). *Smith v. Super. Ct.*, *supra*, is directly on point. The Court of Appeal found the following conclusory allegations inadequate to support a punitive damages claim.

> The defendants' conduct . . . was intentional, knowing, malicious, fraudulent, false and deceitful. Said acts and omissions were undertaken with a conscious and knowing disregard of the interests and rights of plaintiff and to benefit the defendants . . . financially, and were part and parcel of a scheme and plan to defraud plaintiff. Defendants' conduct . . . was thus such as to constitute oppression, fraud or malice . . . .

*Id.* at 1036 (ellipses in original). Plaintiffs' allegations here are no more specific than were plaintiff's in *Smith*. The only fact the Complaint alleges is that Lexington denied a portion of Plaintiff's claim. The Complaint makes no allegations about Lexington's investigation and denial of Plaintiffs' claim, only the ultimate fact that it was denied. Plaintiffs fail to allege any details about the loss at all, as her confusing, vague, and highly conclusory allegations fail to even establish that the coverage denial was improper (Lexington contends it was not) much less that it was despicable or vile or would be looked down upon and despised by ordinary, decent people. The factual allegations do not even establish Lexington acted unreasonably in adjusting Plaintiffs' claim, let alone despicably or in such a fashion as to generate "outrage frequently associated with crime" necessary to sustain a claim for punitive

damages. *Tomaselli v. Transamerica Ins. Co.,* 25 Cal. App. 4th 1269, 1287 (1994) (citation omitted).

Importantly, the punitive damages standard requires more than evidence of bad faith. "Evidence that an insurer has violated its duty of good faith and fair dealing does not thereby establish that it has acted with the requisite malice . . . to justify an award of punitive damages. [Citations.] In order to establish that an insurer's conduct has gone sufficiently beyond mere bad faith to warrant a punitive award, it must be shown by clear and convincing evidence that the insurer has acted maliciously . . . ." *Mock, supra,* 4 Cal. App. 4th at 328. The Complaint does not meet this stringent standard.

California courts applying the punitive damages standard in the context of insurance "bad faith" cases have established the following rules:

(1) Unless the plaintiff, in asserting malice or oppression, can prove that the insurer actually intended injury, then plaintiff must establish that the insurer's conduct was despicable. "'Despicable conduct' is conduct which is so vile, base, contemptible, miserable, wretched or loathsome that it would be looked down upon and despised by ordinary, decent people." *Mock*, *supra*, 4 Cal. App. 4th at 330 (citations omitted); *Stewart, supra*, 17 Cal. App. 4th at 483 n.29.

(2) Evidence of inept, inefficient, negligent, or even unreasonable claim handling is not proof of malice, oppression, or fraud to sufficient to justify an award of punitive damages. *Mock*, *supra*, 4 Cal. App. 4th at 328; *Jackson v. Johnson*, 5 Cal. App. 4th 1350, 1354 (1992); *Patrick v. Maryland Cas. Co.,* 217 Cal. App. 3d 1566, 1576 (1990). In sum, mere allegations of bad faith are not enough.

(3) In order to establish the oppression, fraud, or malice necessary to justify an award of punitive damages, there must be evidence of established policies or practices in claims handling by the insurer which are harmful to its insureds. Stated another way, the plaintiff must show "a consistent and unremedied pattern of egregious insurer practices." *See Mock*, *supra*, 4 Cal. App. 4th at 329; *Patrick*,

1 *supra*, 217 Cal. App. 3d at 1576.

2     Plaintiffs' Complaint fails to meet any of these stringent pleading standards.

3 **VI. PLAINTIFF FAILS TO PLEAD LEXINGTON RATIFIED A WRONGFUL ACT OF ITS EMPLOYEE TO JUSTIFY A PUNITIVE DAMAGE AWARD**

5     "Although a corporation could be liable for compensatory damages for an employee's tort under the *respondeat superior* doctrine, the corporation [is] not responsible for punitive damages where it neither personally directed nor ratified the wrongful act." *White v. Ultramar,* 21 Cal. 4th 563, 569 (1999).

> An employer shall not be liable for damages pursuant to subdivision (a), based upon acts of an employee of the employer, unless the employer had advance knowledge of the unfitness of the employee and employed him or her with a conscious disregard of the rights or safety of others or authorized or ratified the wrongful conduct for which the damages are awarded or was personally guilty of oppression, fraud, or malice. With respect to a corporate employer, the advance knowledge and conscious disregard, authorization, ratification or act of oppression, fraud, or malice must be on the part of an officer, director, or managing agent of the corporation.
>
> Thus, by selecting the term "managing agent," and placing it in the same category as "officer" and "director," the Legislature intended to limit the class of employees whose exercise of discretion could result in a corporate employer's liability for punitive damages.

*White, supra* at 573 (referring to the Legislature's 1980 amendment to section 3294).

"By so confining liability, the statute avoids punishing the corporation for malice of low-level employees which does not reflect the corporate 'state of mind' or the intentions of corporate leaders. This assures that punishment is imposed only if the corporation can be fairly be [sic] viewed as guilty of the evil intent sought to be punished." *Hergenroeder v. Travelers Prop. Cas. Ins. Co.,* 249 F.R.D. 595, 619 (2008) (citing *Cruz v. HomeBase*, 83 Cal.App.4th 160, 167 (2000)). A "managing agent must be someone who exercises substantial discretionary authority over decisions that ultimately determine corporate policy." *White, supra* at 573; *see also Major v. Western Home Ins. Co.,* 169 Cal.App.4th 1197, 1221 (2009).

> [I]n amending section 3294, subdivision (b), the Legislature intended that principal liability for punitive damages not depend on employees' managerial level, but on the extent to which they exercise substantial discretionary authority over decisions that ultimately determine corporate policy.
> Thus, supervisors who have broad discretionary powers and exercise substantial discretionary authority in the corporation could be managing agents. Conversely, supervisors who have no discretionary authority over decisions that ultimately determine corporate policy would not be considered managing agents even though they may have the ability to hire or fire other employees….
> In order to demonstrate that an employee is a true managing agent under section 3294, subdivision (b), a plaintiff seeking punitive damages would have to show that the employee exercised substantial discretionary authority over significant aspects of a corporation's business.

*White* at 576-577.

Plaintiffs make no allegations that Lexington's officers, directors or anyone else who qualifies as a managing agent participated in or were even aware of any alleged wrongful conduct. As there is not a single allegation that a Lexington officer, director or managing agent acted fraudulently or with malice or oppression, the punitive damage claim fails against Lexington.

## VII.  CONCLUSION

For the foregoing reasons, Lexington respectfully request that the Court grant its Motion to Dismiss the above-mentioned allegations from this suit.

DATED:  December 28, 2020        LEWIS BRISBOIS BISGAARD & SMITH LLP

By:  /s/ Angela A. Zanin
REBECCA R. WEINREICH
ANGELA A. ZANIN
Attorneys for Defendant Lexington Insurance Company

4847-3277-4101.1

9

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

# FEDERAL COURT PROOF OF SERVICE
*Raisa Ovsepian, etc. v. Lexington Insurance Company*

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to the action. My business address is 633 West 5th Street, Suite 4000, Los Angeles, CA 90071. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On December 28, 2020, I served the following document(s): **LEXINGTON INSURANCE COMPANY'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT PURSUANT TO FRCP 12(B)(6)**

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

Aleksandr Gruzman, Esq.              *Attorneys for Plaintiffs*
Law Offices of Aleksandr Gruzman
7703 Santa Monica Blvd., Ste. 1
West Hollywood, CA  90046
Tel. (323) 798-4444
Fax (866) 475-5442

The documents were served by the following means:

☒ (BY U.S. MAIL)  I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above and I deposited the sealed envelope or package with the U.S. Postal Service, with the postage fully prepaid.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on December 28, 2020, at Los Angeles, California.

_____
Karina Avina